UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ELLIOT,<br><br>    Plaintiff,<br><br>    v.<br><br>MONROE CORRECTIONAL COMPLEX,<br><br>    Defendant. | Case No.  C06-474RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on plaintiff James Elliot's "Motion for Temporary Restraining Order" (Dkt. # 6). Mr. Elliot's motion asks the Court to enjoin defendant Monroe Correctional Complex ("Monroe") from refusing to provide him with nutritional supplements, to discontinue allegedly retaliatory activity, and to permit his transfer to a less restrictive environment, either a minimum security facility or "electric" home monitoring. Plaintiff alleges that he has a medical need for the relief sought; he has provided the Court with a letter from a doctor stating that he suffers from cerebral palsy and chronic failure to thrive syndrome. Monnett Decl., Ex. 1–2. Defendant responded to the motion on May 26, 2006 and opposes the motion.

The Court will grant a temporary restraining order "only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result for the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting

1  the claim that notice should not be required." Fed. R. Civ. P. 65(b).  A party is entitled to
2  preliminary injunctive relief when it demonstrates (1) the combination of probable success on
3  the merits and the possibility of irreparable injury, or (2) the existence of serious questions
4  regarding the merits and the balance of hardships tips sharply in its favor.  Fund for Animals,
5  Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).  In this case, the Court proceeds cautiously
6  because the issues plaintiff raises implicate the administration of a state prison.  See, e.g., Turner
7  v. Safley, 482 U.S. 78, 85 (1987).

8       As an initial matter, plaintiff has not exhausted his administrative remedies as required.
9  Furthermore, although plaintiff's motion alleges that his weight has dropped dramatically from
10 132 pounds in February 2005 to 113 pounds now, he has not provided any medical evidence or
11 declarations to support that fact.  In contrast, defendant has provided evidence that plaintiff
12 weighed 117 pounds in May 2005, and his weight *increased* at Monroe to 128 pounds at his
13 most recent weigh in on May 5, 2006.  Plaintiff did not show up for his May 23, 2006 medical
14 appointment.  Moreover, although plaintiff claims a medical need for nutritional supplements,
15 the medical documentation he has provided only recommended supplements until mid-May
16 2006.  He has not provided any documentation of a current need for nutritional supplements.
17 Finally, plaintiff has voluntarily chosen not to attend all meals at the facility, which further
18 undermines his claimed need for emergency nutritional supplements.  For these reasons, plaintiff
19 has not shown a likelihood of success on the merits or irreparable injury absent injunctive relief.

20      The Court also finds inadequate support for plaintiff's remaining requests for relief.
21 Plaintiff has not provided any evidence that Monroe is engaging in retaliatory activity.  Plaintiff
22 has also not shown that his transfer to a less restrictive environment is necessary to avoid
23 irreparable injury.

24
25
26

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

1   For all of the foregoing reasons, plaintiff's request for a TRO is DENIED.

2   DATED this 26th day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

-3-